**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) ) ) ) ) ) |
| Plaintiffs, | ) Case No. ) |
| v. | ) FILED: APRIL 14 , 2008 ) 08CV 2120          NF |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., GENERAL MOTORS CORPORATION, and MECHELLE WALSH, as Special Administrator of the Estate of WILLIAM GEARY, deceased, | ) JUDGE GETTLEMAN ) MAGISTRATE JUDGE COLE ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant U-Haul International, Inc. ("U-Haul International") hereby removes the state court action entitled *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08 L 3922, filed in the Circuit Court of Cook County, Illinois.

74557

1

## State Court Proceedings

1.       Plaintiffs commenced this action in the Circuit Court of Cook County, Illinois by filing their complaint (the "Complaint") on or about April 10, 2008 (a true and accurate copy of the Complaint is attached hereto as Exhibit 1).

2.       U-Haul International has not been served with the Complaint more than 30 days prior to the filing of this Notice of Removal.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

3.       No further proceedings have taken place in this action.

4.       As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

## I.       REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

### A.       Amount In Controversy

5.       Plaintiffs bring this action seeking a judgment of liability and damages based on a fatality resulting from a vehicular accident in Kentucky allegedly caused by William Geary. Plaintiffs claim William Geary rented the vehicle from an unspecified U-Haul entity, purportedly one of the U-Haul entities named as defendants in this suit (U-Haul Co. of Illinois, Inc. ("U-Haul of Illinois"), U-Haul International, U-Haul Co. of Arizona, Inc., U-Haul Co. of Florida, Inc. or U-Haul Leasing & Sales Co.), and also that the vehicle driven by William Geary was defectively designed and/or manufactured.

6.       It is clear from the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of costs and interest.  Plaintiffs have filed a fifteen-count Complaint under Illinois'

2

Wrongful Death, Survival and Family Expense Acts.  *See* Complaint, Counts I – XV.  Plaintiffs

claim that Mr. Trevino "perished" and "suffered excruciating pain and mental anguish and other

resulting damages prior to his death, including reasonable and necessary medical and health care

expenses incurred prior to his death."  Complaint ¶¶ 16, 18.  Plaintiffs also allege that they "have

suffered mental anguish, grief, sorrow, mental suffering, bereavement, loss of companionship,

pecuniary contributions, and support", a well as "other injuries and damages…and will continue

to suffer such injuries, losses and damages for the rest of their lives."  Complaint, ¶ 20.  Plaintiffs

also claim the deceased's estate has incurred "reasonable and necessary expenses for the funeral

service and burial."  Complaint, ¶ 19.  Nowhere in the Complaint do Plaintiffs limit the amount

in controversy to less than $75,000.  Instead, for each of their fifteen claims, Plaintiffs seek

damages "in excess of $50,000.00, together with costs of this action."  Complaint, Counts I –

XV.

      7.    If liability is established, compensatory damages in excess of the jurisdictional

amount of $75,000 have been awarded in Illinois, where, as here, plaintiff alleges serious

injuries.  *See, e.g., Hansen v. Baxter Healthcare Corp.,* 198 Ill. 2d 420, 439, 764 N.E.2d 35, 46

(Ill. 2002); *Proctor v. Upjohn,* 291 Ill. App. 3d 265, 287, 682 N.E.2d 1203, 1217 (1st Dist.

1997); *Kochan v. Owens-Corning Fiberglass Corp.,* 242 Ill. App. 3d 781, 810, 610 N.E.2d 683,

701 (5th Dist. 1993).  Based on Plaintiffs' allegations of personal and economic injuries, the

finder-of-fact could easily conclude that Plaintiffs are entitled to damages in excess of $75,000,

and U-Haul International has met its burden of showing that the jurisdictional amount is

satisfied.  *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997);

*Hansen*, 198 Ill. 2d at 439, 764 N.E.2d at 46; *Proctor*, 291 Ill. App. 3d at 287, 682 N.E.2d at

1217; *Kochan*, 242 Ill. App. 3d at 810, 610 N.E.2d at 701.

8.    Therefore, the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.

**B.    Complete Diversity Of Citizenship**

9.    There is complete diversity between Defendants and Plaintiffs, the surviving daughters and surviving spouse and special administrator of the estate of the deceased, who was a citizen of Texas.  Plaintiffs affirmatively admit that the deceased was a citizen of the State of Texas.  28 U.S.C. § 1332(c)(2); *see also* Complaint ¶ 1.

10.    Defendant U-Haul International is a Nevada corporation and has its principal place of business in the State of Arizona, so for diversity purposes it is a citizen of the States of Nevada and Arizona.  28 U.S.C. § 1332(c)(1); *see also* Complaint ¶ 6.

11.    Defendant U-Haul Co. of Arizona, Inc. is an Arizona corporation and has its principal place of business in the State of Arizona, so for diversity purposes it is a citizen of the State of Arizona.  28 U.S.C. § 1332(c)(1); *see also* Complaint ¶ 7.

12.    Defendant U-Haul Co. of Florida, Inc. is a Florida corporation and has its principal place of business in the State of Florida, so for diversity purposes it is a citizen of the State of Florida.  28 U.S.C. § 1332(c)(1); *see also* Complaint ¶ 8.

13.    Defendant U-Haul Leasing & Sales Co. is a Nevada corporation and has its principal place of business in the State of Nevada, so for diversity purposes it is a citizen of the State of Nevada.  28 U.S.C. § 1332(c)(1); *see also* Complaint ¶ 9.

14.    Defendant General Motors Corp. is alleged to be a Delaware corporation, so for diversity purposes it is a citizen of the State of Delaware.  28 U.S.C. § 1332(c)(1); *see also* Complaint ¶ 10.

**i.    U-Haul of Illinois and Mechelle Walsh are unserved local defendants.**

15.    In addition to naming U-Haul of Illinois as a resident defendant, Plaintiffs allege that defendant Mechelle Walsh has been named the special administrator of the Estate of William Geary, deceased, for purposes of naming a proper party defendant to this litigation. *See* Complaint ¶ 12.  Plaintiffs claim that William Geary was a resident of Illinois at the time of the incident from which the claim arises, and therefore Illinois is the state of which he is a citizen for purposes of determining diversity. *Id.*

16.    Upon information and belief, neither U-Haul of Illinois nor Mechelle Walsh have been served in this litigation.

17.    28 U.S.C. § 1441(b) unambiguously states that diversity actions "shall be removable only if none of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought."  (emphasis added).  Congress clearly intended that local parties must be *joined and served*, not just "joined."  Courts have consistently held that "[t]he statute is clear.  The presence of unserved resident defendants does not defeat removal where complete diversity exists." *Wensil v. E.I. Dupont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992); *see also Test Drilling Service Co. v. Hanor Co.*, 322 F. Supp.2d 953, 957 (C.D. Ill. 2004); *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 184 F. Supp.2d 826, 828 (S.D. Ind. 2002).  Here, the forum state citizen defendants have not been served at the time of removal, and there is complete diversity among the parties.

**ii.    Mechelle Walsh has been fraudulently joined.**

18.    Over two months prior to the filing of the instant suit, on or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., filed a separate action in the Circuit Court of Cook County, Illinois seeking

recovery under the Illinois Wrongful Death, Survival and Family Expense Acts.    U-Haul International removed Gregorio Trevino's suit to this Court on March 10, 2008, and it is currently pending as Case No. 08-cv-1409.

19.    In Gregorio Trevino's suit, he claims that Janet M. Deutsch was appointed special administrator of the Estate of William Geary, deceased, for purposes of naming a proper party defendant to his litigation.

20.    Because Janet M. Deutsch is alleged to have already been appointed special administrator to serve as a defendant to lawsuits against the Estate of William Geary arising out of the same accident alleged by Plaintiffs in this litigation, Mechelle Walsh's appointment in the identical capacity appears to be improper, and she has been fraudulently joined as a defendant. Therefore, Mechelle Walsh's citizenship should be ignored for purposes of determining diversity in the instant litigation.

### iii.    U-Haul of Illinois has been fraudulently joined.

21.    The remaining defendant, U-Haul of Illinois, is alleged to be a citizen of the state of Illinois.  Complaint ¶ 5.  However, U-Haul of Illinois has been fraudulently joined to defeat diversity jurisdiction.  Accordingly, its citizenship should be ignored for purposes of determining diversity.  *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).

22.    In the Seventh Circuit, "[d]iversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent."  *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).  In determining whether a defendant was fraudulently joined, the Seventh Circuit requires not just an analysis of whether plaintiff stated a "claim," but also whether plaintiff has a

74557                                                        6

"reasonable possibility" of recovery on that claim. *See Schwartz*, 174 F.3d at 878 (finding removal proper because of fraudulent joinder, notwithstanding the fact that plaintiff had a "claim" under the concept of notice pleading).

23.    As set forth below, Plaintiffs do not have a reasonable possibility of recovering on their strict liability, negligence and willful and wanton claims against U-Haul of Illinois under the Wrongful Death, Survival or Family Expense Acts.    Therefore, U-Haul of Illinois' citizenship should be ignored for purposes of determining diversity, and removal is appropriate because there is complete diversity of citizenship among the remaining parties.

**C.    Argument**

24.    Plaintiffs allege that on and prior to April 21, 2006, the date of the subject accident, U-Haul of Illinois, among the group of other U-Haul and General Motors defendants, was engaged in the "business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving vans, including the subject U-Haul." Complaint, Count I ¶ 1.

25.    Plaintiffs also allege that U-Haul of Illinois "sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed" the "subject U-Haul" in a "defective and unreasonably dangerous condition." Complaint, Count I ¶ 2. As a result of the foregoing allegations, Plaintiff claims that U-Haul of Illinois is strictly liable, negligent and willfully and wantonly negligent under the Illinois Wrongful Death, Survival and Family Expense Acts for allegedly placing a defective and unreasonably dangerous vehicle into the stream of commerce prior to the trip at issue in the Complaint. Complaint, Counts I – IX.

26.    To prevail on a claim under the Illinois Wrongful Death Act the plaintiff must demonstrate, among other things, that defendant owed a duty of care to decedent and that a

breach of duty proximately caused decedent's death. *Leavitt v. Farwell Tower Ltd. P'ship*, 252 Ill. App. 3d 260, 264, 625 N.E.2d 48, 52 (1st Dist. 1993). The Illinois Survival Act allows a representative of the decedent to maintain common law actions that accrued to the decedent before he died. *Advincula v. United Blood Serv.*, 176 Ill. 2d 1, 42, 678 N.E.2d 1009, 1029 (Ill. 1997). The basis for Plaintiffs' Survival Act claim is negligence, in which plaintiffs must also demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty was the proximate cause of decedent's injuries. *Mt. Zion State Bank & Trust v. Consol. Commc'ns*, 169 Ill. 2d 110, 116, 660 N.E.2d 863, 868 (Ill. 1995).

27.    If a person does not have control over property, he has "no duty to third persons injured in connection with the property." *Maisenbach v. Buckner*, 133 Ill. App. 2d 53, 56, 272 N.E.2d 851, 854 (1st Dist. 1971); *see also Buczak v. Central Sav. & Loan Ass'n*, 230 Ill. App. 3d 490, 497, 594 N.E.2d 1291, 1295 (1st Dist. 1992); *Martin v. 1727 Corp.*, 120 Ill. App. 3d 733, 737, 458 N.E.2d 990, 993 (1st Dist. 1983). Control over property is a prerequisite to tort liability. *Buente v. Van Voorst*, 213 Ill. App. 3d 116, 118, 571 N.E.2d 513, 514 (3rd Dist. 1991).

28.    U-Haul of Illinois did not own the vehicle or rent it to William Geary. Affidavit of Jeff Alden at ¶ 4, 5 (attached hereto as Exhibit 2); *see also* Affidavit of Robert Magyar at ¶ 4, and rental contract attached thereto (attached hereto as Exhibit 3). Nor did it sell, manufacture, distribute, equip, design or market the vehicle. Plaintiffs' allegations to the contrary are factually incorrect. Thus, Plaintiffs have no possibility of recovering against U-Haul of Illinois under the Wrongful Death, Survival and Family Expense Acts because it owed no duty to Plaintiffs' decedent.

29.    Further, even if Plaintiffs could show that U-Haul of Illinois owed the decedent a duty of care, which they cannot because it did not own the vehicle or rent it to William Geary,

Plaintiffs still have no possibility of recovery against U-Haul of Illinois because its conduct was not the proximate cause of decedent's injury. *Yager v. Illinois Bell Tel. Co.*, 281 Ill. App. 3d 903, 909, 910, 667 N.E.2d 1088, 1093, 1094 (4th Dist. 1996).

30.     First, Plaintiffs' general allegations that U-Haul of Illinois was engaged in the business of renting and maintaining "moving vans" are far too general to create any proximal link between U-Haul of Illinois and the *specific* vehicle and injury at issue. Similarly, to the extent Plaintiffs claim that U-Haul of Illinois rented or maintained the subject vehicle at some unspecified point in time prior to the accident, that is equally insufficient to state a claim, let alone establish proximate cause. *See* Complaint, Count I ¶ 1; *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("the mere possibility that a defendant's conduct has caused an injury [may become] so slight that it may be disregarded as a matter of law").

31.     Second, there is no connection to U-Haul of Illinois as the cause of the accident. U-Haul of Illinois did not maintain the vehicle at or even near the time of the accident at issue. Affidavit of Jeff Alden at ¶ 6. The vehicle had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006. Affidavit of Robert Magyar at ¶ 6. Thus, causation does not exist even if, according to Plaintiffs, maintenance was performed on the subject vehicle by U-Haul of Illinois at some unspecified point in time prior to the accident. *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("[a] defendant's acts do not proximately cause a plaintiff's injuries if the independent act of a third person intervenes between defendant's act and the injury").

32.     For the foregoing reasons, Plaintiffs do not have a reasonable possibility of recovering on their strict liability, negligence and willful and wanton claims against U-Haul of Illinois under the Wrongful Death, Survival or Family Expense Acts. Therefore, U-Haul of

Illinois' citizenship should be ignored for purposes of determining diversity, and removal is appropriate because the local defendant has not been served at the time of removal and there is complete diversity of citizenship among the remaining parties.

## II. U-HAUL INTERNATIONAL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

33.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

34.    The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 90(b) and 1441(a).

35.    Upon information and belief, no defendants have been served to date, and therefore their consent to this removal is not necessary.

36.    U-Haul of Illinois and Mechelle Walsh have been fraudulently joined, and therefore their consent to this removal is not necessary.  Nevertheless, U-Haul of Illinois' consent to removal is attached hereto as Exhibit 4.

37.    Pursuant to 28 U.S.C. § 1446(d), U-Haul International is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending, and will serve a copy of this notice on all parties to the removed action.

WHEREFORE, Defendant U-Haul International, Inc. respectfully removes this action from the Circuit Court of Cook County, Illinois, Case No. 08 L 3922, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: April 14, 2008                          Respectfully submitted,

                                               **U-HAUL INTERNATIONAL, INC.**


                                               _____s/ Dmitry Shifrin_____
                                               George Jackson III, #6189680
                                               Dmitry Shifrin, #6279415
                                               BRYAN CAVE LLP
                                               161 N. Clark St., Suite 4300
                                               Chicago, IL 60601
                                               (312) 602-5000
                                               (312) 602-5060 (fax)

74557                                    11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of April, 2008, a copy of the foregoing Notice of

Removal was mailed, first-class, postage prepaid to the following counsel:

Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606

James F. Perrin
Paula A. Wyatt
4825 Everhart Rd.
Corpus Christi, TX 78411

s/ Dmitry Shifrin

Firm I.D. 90219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased,<br>And as Next Friend of SARAH RENE<br>TREVINO AND ANGELA KRISTIN<br>TREVINO, minors,<br><br>        Plaintiffs,<br><br>vs.<br><br>U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.<br>GENERAL MOTORS CORPORATION, and<br>MECHELLE WALSH, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. <s>2008L003922</s><br><s>CALENDAR/ROOM X</s><br><s>TIME 00:00</s><br><s>Product Liability</s><br>Calendar/Room _____<br><br>JURY DEMAND |

## COMPLAINT AT LAW AND JURY DEMAND

COMES NOW, IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARAH RENE TREVINO AND ANGELA KRISTIN TREVINO, minors, hereinafter referred to individually or jointly as "Plaintiffs," complaining of Defendants U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING & SALES CO., GENERAL MOTORS CORPORATION, and MECHELLE WALSH, as Special Administrator of the Estate of WILLIAM GEARY, deceased, hereinafter referred to collectively as "Defendants," and would respectfully show the court and jury as follows:

## PARTIES



1.   Plaintiff, IDA TREVINO, is the surviving spouse of GREGORIO TREVINO, JR.,
     deceased, and is a resident of Uvalde County, Texas.  Plaintiff IDA TREVINO is the
     natural parent and next friend of minors SARAH RENE TREVINO and ANGELA
     KRISTIN TREVINO, daughters of GREGORIO TREVINO, JR., deceased.  Plaintiffs
     and GREGORIO TREVINO, JR., deceased, were residents of Zavala County, Texas at
     the time that this cause of action accrued.

2.   Plaintiff, IDA TREVINO, was granted Letters Testamentary of the Estate of Gregorio
     Trevino Jr., Deceased as the "qualified Independent Executrix" of that estate on April 17,
     2007.  See Ex. A attached hereto, Letters Testamentary issued by the Clerk of Zavala
     County, Texas dated April 17, 2007

3.   Plaintiff, IDA TREVINO, has also been appointed Representative of the Estate of
     GREGORIO TREVINO, JR., deceased, for purposes of prosecuting this cause of action
     in Cook County Illinois.  *See* Ex. B attached hereto, Order of the Circuit Court of Cook
     County.

4.   MECHELLE WALSH, Special Administrator of the Estate of William Geary, deceased,
     has been appointed Special Administrator of the Estate of William Geary for purposes of
     naming a proper party defendant for this litigation. See Ex. C attached hereto, Order of
     Circuit Court of Cook County appointing Mechelle Walsh as Special Administrator of the
     Estate of William Geary, deceased.

5.   Defendant, U-HAUL COMPANY OF ILLINOIS, INC. ("UHCI") is a corporation
     registered in the State of Illinois with its principal place of business in Illinois. Defendant
     UHCI may be served through its agent, CT Corporation System, 208 S. LaSalle Street,
     Suite 814, Chicago, Illinois, 60604.  UHCI is a citizen of Illinois for diversity purposes.

6.  Defendant, U-HAUL INTERNATIONAL, INC. ("UHI") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHI may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

7.  Defendant, U-HAUL COMPANY OF ARIZONA ("UHCA") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCA may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

8.  Defendant, U-HAUL COMPANY OF FLORIDA ("UHCF") is a corporation registered in the State of Florida and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHF may be served by service on its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

9.  Defendant U-HAUL LEASING & SALES CO. ("UHLSC") is a Nevada corporation and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHLSC may be served by service on its registered agent, Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada, 89511.

10.  Defendant GENERAL MOTORS CORPORATION ("GM") is a Delaware corporation, which is and/or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant GM may be served by service on its registered agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

11.  Hereinafter the "GM/U-HAUL DEFENDANTS" refers to UHCI, UHI, UHCA, UHCF, UHLSC, and GM.

12.    Defendant MECHELLE WALSH is named in her capacity as Special Administrator of the Estate of WILLIAM GEARY, deceased, for purposes of naming a proper party defendant to this litigation. *See* Ex. C attached hereto, Order of the Circuit Court of Cook County appointing Mechelle Walsh as Special Administrator of the Estate of WILLIAM GEARY, deceased.  At the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois.  Pursuant to 28 U.S.C. § 1332(c) (2), WILLIAM GEARY, deceased, is a citizen of Illinois for diversity purposes.

### JURISDICTION AND VENUE

13.    This Court has jurisdiction under 735 ILCS 5/2-209(b)(3) in that Defendant UHCI is a corporation organized under the laws of Illinois, under 735 ILCS 5/2-209(b)(4) in that Defendants UHI, UHCA, UHCF, UHLSC, and GM conduct ongoing business operations in Illinois, and under 735 ILCS 5/2-209(b)(4) in that WILLIAM GEARY, deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death.

14.    Venue is proper under 735 ILCS 5/2-101 in that Cook County, Illinois was the county of residence of WILLIAM GEARY, deceased, at the time of his death.  Venue is also proper fewer than 735 ILCS 5/2-102(a) in that Cook County, Illinois, is the county of residence of Defendants UHCI and GM.

### FACTS COMMON TO ALL COUNTS

15.    This action arises from the death of GREGORIO TREVINO, JR., deceased, on April 21, 2006.  Plaintiff IDA TREVINO is the surviving wife of Decedent GREGORIO

- 4 -

TREVINO, JR., deceased, and was at all relevant times the lawful wife of Decedent. SARAH RENE TREVINO and ANGELA KRISTIN TREVINO are the daughters of GREGORIO TREVINO JR., deceased.   Plaintiff IDA TREVINO brings this suit individually, on behalf of the Estate of GREGORIO TREVINO, JR., deceased, and on behalf of the next of kin of the Decedent, who died intestate.

16.    On April 21, 2006, WILLIAM GEARY, deceased, was driving a 2005 U-Haul moving van manufactured by the GM/U-HAUL DEFENDANTS, Model No. C5C042, VIN No. 1GDG5C1E35F903934 (the "U-Haul"), northbound at the 12.5 mile post of Highway I-65 when the subject U-Haul began skidding, then crossed over both northbound lanes. The subject U-Haul entered the median in a westbound slide.  The subject U-Haul then exited the median and entered the southbound lanes traveling in a westbound direction and struck an RBX tractor-trailer being driven by Corey Hill.  Mr. Hill was able to continue southbound and pull to the shoulder.  After glancing off the side of Mr. Hill's tractor-trailer, the subject U-Haul continued northbound in the southbound lanes.  The subject U-Haul then violently struck head-on the 2000 Great Dane tractor-trailer vehicle driven by GREGORIO TREVINO, JR., deceased.  Immediately following impact, the subject U-Haul and the Great Dane tractor-trailer burst into flames.  The RBX tractor-trailer also ignited.   GREGORIO TREVINO, JR., deceased, WILLIAM GEARY, deceased, and his passenger, Ms. Santiago, were unable to escape the flames and all three of them perished in the fire.  Decedent GREGORIO TREVINO, JR., deceased, suffered excruciating pain and suffering before he died on April 21, 2006.

17.    At the time of his death, GREGORIO TREVINO, JR., deceased, was  32 years old and in good health.

- 5 -

18.    As a direct and proximate result of the defective products and of the acts of omission and commission of the Defendants, their agents, servants, representatives and/or employees, acting within the course and scope of their employment and as described herein above, GREGORIO TREVINO, JR., deceased, suffered excruciating pain and mental anguish and other resulting damages prior to his death, including reasonable and necessary medical and health care expenses incurred prior to his death.

19.    By reason of said Defendants' conduct and the resulting death of GREGORIO TREVINO, JR., deceased, the Estate of GREGORIO TREVINO, JR., deceased, incurred reasonable and necessary expenses for the funeral service and burial, all to the damage of the Estate, which is entitled to recover for these injuries and damages in an amount in excess of this Court's minimum jurisdictional limits.

20.    Because of the untimely death of GREGORIO TREVINO, JR., deceased, IDA TREVINO, individually and as next friend of SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, minor children of GREGORIO TREVINO, JR., deceased, as well as the parents of GREGORIO TREVINO, JR., deceased, have suffered mental anguish, grief, sorrow, mental suffering, and bereavement, loss of companionship, pecuniary contributions and support. Plaintiffs have suffered these and other injuries and damages as a result of the death of GREGORIO TREVINO, JR., deceased, and will continue to suffer such injuries, losses, and damages for the rest of their lives.

## COUNT I:
## STRICT LIABILITY (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1.  At all relevant times, the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing moving vans, including the subject U-Haul.

2.  The subject U-Haul as sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

3.  The subject U-Haul was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS.

4.  At the time the subject U-Haul was placed into the stream of commerce by the GM/U-HAUL DEFENDANTS, up to the time of the accident, the subject U-Haul was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

5.  The death of GREGORIO TREVINO, JR., and the damages suffered by Plaintiffs, were the direct and proximate result of the subject U-Haul's defective and unreasonably dangerous condition.

6.  Because the GM/U-HAUL DEFENDANTS are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and similar products, because the GM/U-HAUL DEFENDANTS reaped the profits from the subject U-Haul and similar products, and because the GM/U-HAUL DEFENDANTS placed the subject U-Haul and similar products into the stream of

- 7 -

commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Illinois, the GM/U-HAUL DEFENDANTS are liable to Plaintiffs for their injuries and damages under the theory of strict products liability.

7. As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

8. GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

9. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT II:
## STRICT LIABILITY (GM/U-HAUL DEFENDANTS)
### SURVIVAL ACT

1-7. The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count II as though fully set forth herein.

- 8 -

8.  As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an unreasonably dangerous and defective condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

9.  Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT III:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**
FAMILY EXPENSE ACT

1-7.  The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count III as though fully set forth herein.

8.  As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL

DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT IV:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1.    The GM/U-HAUL DEFENDANTS carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of the GM/U-Haul Defendants.

2.    The GM/U-HAUL DEFENDANTS had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.    The GM/U-HAUL DEFENDANTS owed such duty to Plaintiffs' decedent and to the general motoring public.

- 10 -

3.    The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject U-Haul, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.    Such foreseeable ancillary consequences include collisions.

4.    The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.    The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

6.    The GM/U-HAUL DEFENDANTS failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

- 11 -

7.  The GM/U-HAUL DEFENDANTS additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject U-Haul, and failed to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

8.  The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs' decedent and the general motoring public.

9.  The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

10.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

11.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death.

12.  This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT V:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
SURVIVAL ACT

- 12 -

1 – 10.  The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count V as though fully set forth herein.

11.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

12  Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT VI:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
### FAMILY EXPENSE ACT

1 -10.  The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count VI as though fully set forth herein.

11.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS,

- 13 -

GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

12.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT VII:
## WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1.  The GM/U-HAUL DEFENDANTS sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul in a manner showing utter indifference and conscious disregard for the welfare of the Plaintiffs and the general motoring public.

2.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the fact that the subject U-Haul was defective and unreasonably dangerous for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

3.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

- 14 -

4. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, resulting in GREGORIO TREVIINO, JR., deceased, suffering from injuries which resulted in his death.

5. The GM/U-HAUL DEFENDANTS acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including but not limited to its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings.

6. The GM/U-HAUL DEFENDANTS additionally acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to provide adequate or proper warnings or instructions to users of the subject U-Haul, and by their failure to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

7. The aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs and the general motoring public.

8.  As a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

10. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

## COUNT VIII:
## WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
### SURVIVAL ACT

1 – 8.  The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count VIII as though fully set forth herein.

9.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10. Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

- 16 -

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT IX:
### WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
#### FAMILY EXPENSE ACT

1 – 8. The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count IX as though fully set forth herein.

9. As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10. Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT X:
### NEGLIGENCE (GEARY)
#### WRONGFUL DEATH ACT

1. At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2. At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and was careless and negligent in one or more of the following ways:

- 17 -

    a.  Negligently operated, managed, maintained, and controlled the subject U-Haul;

    b.  Operated the subject U-Haul without keeping a safe and proper lookout;

    c.  Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

    d.  Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

    e.  Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

    f.  Was otherwise careless and negligent.

3.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT XI:
## NEGLIGENCE (GEARY)

SURVIVAL ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.    As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

7.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XII:**
**NEGLIGENCE (GEARY)**
FAMILY EXPENSE ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.    As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

5.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT XIII:
### WILLFUL AND WANTON (GEARY)
WRONGFUL DEATH ACT

1.  At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2.  At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and acted with utter indifference and conscious disregard for the safety of Plaintiffs and the general motoring public in one or more of the following ways:

    a.  Acted with utter indifference and conscious disregard in his operation, management, maintenance, and/or control of the subject U-Haul;

    b.  Operated the subject U-Haul without keeping a safe and proper lookout;

    c.  Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

    d.  Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

    e.  Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

    f.  Was otherwise willful and wanton.

3.  As a direct and proximate result of one or more of the aforesaid willful and wanton acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

- 20 -

4.  GREGORIO TREVINO, JR., deceased, has left as his survivors, his wife, Plaintiff IDA
TREVINO and his children, Plaintiffs SARAH RENE TREVINO and ANGELA
KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the
death of their husband and father, and have suffered from the loss of his love, affection,
society, and companionship that they enjoyed prior to his death and have endured grief,
sorrow, and mental suffering.

5.  This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in
excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XIV:**
**WILLFUL AND WANTON (GEARY)**
SURVIVAL ACT

1 - 3.  The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of
Count XIV as though fully set forth herein.

4.  As a direct and proximate result of one or more of the willful and wanton acts on the part
of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured
and suffered personal and pecuniary damages, including conscious pain and suffering
prior to his death.

5.  Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to
bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore
survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in
excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XV:**
**WILLFUL AND WANTON (GEARY)**
FAMILY EXPENSE ACT

- 21 -

1 - 3.   The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XV as though fully set forth herein.

4.   As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

5   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

Respectfully submitted,
SCHIFF HARDIN LLP
Attorneys for Plaintiffs

By: _____
Darren VanPuymbrouck
Renee C. Kelley
6600 Sears Tower
Chicago, Illinois 60606
Tel:   (312) 258-5500
Fax:   (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt

- 22 -

State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas 78411
Tel:    (361) 875-2727
Fax:    (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREGORIO TREVINO, Special     )
Administrator of the Estate of GREGORIO   )
TREVINO, JR., deceased,     )
    )
    Plaintiff,     )
    )   Case No.
v.     )
    )
U-HAUL COMPANY OF ILLINOIS, INC.,   )
U-HAUL INTERNATIONAL, INC, and    )
ROGER D. GEARY,     )
    )
    Defendants.     )

STATE OF ILLINOIS     )
    ) ss.:
COUNTY OF ___Cook___ )

### AFFIDAVIT

Jeff Alden, being duly sworn, deposes and says:

1.    My name is Jeff Alden.  I am the President of U-Haul Co. of Illinois, Inc., an Illinois corporation.

2.    I am over the age of twenty-one and am authorized and competent to make this Affidavit on behalf of U-Haul Co. of Illinois, Inc.

3.    I am familiar with the allegations of Plaintiff's Complaint and know that it involves allegations related to a vehicle accident which took place in Kentucky.

4.    U-Haul Co. of Illinois, Inc. did not own the vehicle allegedly rented by William Geary in this action, VIN 1GDG5C1E35F903934.

5.    U-Haul Co. of Illinois, Inc. did not rent the vehicle at issue to William Geary.

6.    U-Haul Co. of Illinois, Inc. did not maintain the vehicle at or near the time of the

1



EXHIBIT
2

accident at issue.

**AFFIANT FURTHER SAYETH NAUGHT**

_____

Jeff Alden

Sworn to before me
this ___ day of March, 2008

_____
Notary Public

> Official Seal
> Alanda E Woods
> Notary Public State of Illinois
> My Commission Expires 11/16/2008

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased,<br><br>        Plaintiff,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STATE OF FLORIDA     )
                     ) ss.:
COUNTY OF _HILLSBOROUGH_ )

### AFFIDAVIT

Robert S. Magyar, being duly sworn, deposes and says:

1.     My name is Robert S. Magyar. I am the President of U-Haul Co. of Florida, a Florida corporation.

2.     I am over the age of twenty-one and am authorized and competent to make this Affidavit on behalf of U-Haul Co. of Florida.

3.     I am familiar with the allegations of Plaintiff's Complaint and know that it involves allegations related to a vehicle accident which took place in Kentucky.

4.     I am aware that the vehicle involved in the accident at issue was rented by U-Haul Co. of Florida to William Geary at the time relevant to the present action.

5.     Attached is a true and accurate copy of the rental contract, as maintained in the U-Haul electronic system, which shows that Mr. Geary rented this vehicle.

1

**EXHIBIT**

3

6.    Prior to the rental to William Geary, the vehicle at issue had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006.

AFFIANT FURTHER SAYETH NAUGHT

Robert S. Magyar

Sworn to before me
this _10_ᵗʰ day of March, 2008

Notary Public

2

# U-Haul equipment rental contract

**Reservation number:** 177808
**Contract number:** 177808
One-Way (Dispatch)

**Customer:**
William Geary
3205 N Cicero Ave
Chicago , IL 60641
Primary Phone: (773) 401-2877
License: g60093041073 State: FL Exp: 03/10
BirthDate: 03-11-41

**Entity:**
786056
U-Haul Clearwater
201 S Missouri Ave
Clearwater , FL 33756
Phone: (727) 461-2532
WebBEST

## Rental information

| Reservation: | Location | MCO | Date |
|---|---|---|---|
| Dispatch: | 786056 | 786 | 4/19/2006 12:56:58 PM |
| Expected: | 52956 | 739 | 4/25/2006 12:58:11 PM |

| Equipment Id | Status | Qty. | Rate | $/Mile | Safe Cvg. | Fuel Out | Fuel In | Miles Out | Miles In | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 0000 JH 3242K | Disp | 1 | $1,475.00 | $0.40 | | 3/8 | | 26421.0 | | |

## Payment information

| Pmt. Type | Status | Pmt. Date | Card | Card Exp. Date | Pmt. Loc. | Paid Amount |
|---|---|---|---|---|---|---|
| Master Card | APPROVED | 04/19/2006 | xxxxxxx0206 | 04/09 | 786056 | $1,578.25 |

| Days Allowed | Rental Amount | Miles Allowed | Total Amount Collected |
|---|---|---|---|
| 6 | $1,475.00 | 1464 | $1,578.25 |

## Credit card history

| Card No. | Location | Contract | Date | Amount Paid | Status |
|---|---|---|---|---|---|
| xxxxxxx0206 | 621001 | 4335493 | 4/14/2006 12:55:51 PM | $0.00 | APPROVED |

## Meaningful Assurance

| Assurance type | |
|---|---|
| Local Drivers License | g60093041073  Exp: 0310 |
| Personal Phone (call ) | (773) 401-2781  -Verified |

## Notes

There are no notes for this contract.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IDA TREVINO, Individually and as Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, and as Next )
Friend of SARA RENE TREVINO and )
ANGELA KRISTIN TREVINO, minors, )
                                     )       Case No.

             Plaintiffs, )
                                       )

v. )
                                       )

U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC., U- )
HAUL COMPANY OF ARIZONA, INC., )
U-HAUL COMPANY OF FLORIDA, INC., )
U-HAUL LEASING AND SALES, CO., )
GENERAL MOTORS CORPORATION, )
and MECHELLE WALSH, as Special )
Administrator of the Estate of WILLIAM )
GEARY, deceased, )
                                       )

             Defendants. )

## CONSENT TO REMOVAL

Defendant U-Haul Co. of Illinois, Inc., by and through its undersigned attorneys, hereby

consents to the Notice of Removal filed by Defendant U-Haul International, Inc. with the United

States District Court for the Northern District of Illinois, Eastern Division, for removal of the

above-styled matter from the Circuit Court of Cook County, Illinois.

Dated: April 14, 2008                     Respectfully submitted,

                                           BRYAN CAVE LLP

                                             s/ Dmitry Shifrin     
                                         George Jackson III, #6189680
                                         Dmitry Shifrin, #6279415



EXHIBIT
4

161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2008, a copy of the foregoing Consent to

Removal was mailed, first-class, postage prepaid to the following counsel:


Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606

James F. Perrin
Paula A. Wyatt
4825 Everhart Rd.
Corpus Christi, TX 78411


                                     _____ s/ Dmitry Shifrin _____